**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF COLORADO**

**Civil Action No.:**

**Tamara Rinehart,**

**Plaintiff,**

**v.**

**Easter-Owens Electric Co.**

**Defendant,**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Tamara Rinehart ("Rinehart" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Easter-Owens Electric Co. ("Easter-Owens" or "Defendant") and states as follows:

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*., the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-401, *et seq*., and *Bonidy v. Vail Valley Ctr. For Aesthetic Dentistry, P.C.,* 232 P.3d 277, 281 (Colo. App. 2010) to correct unlawful employment practices on the basis of gender, public policy, and retaliation, and to provide appropriate relief to Tamara Rinehart, who was adversely affected by such practices.

As alleged with greater particularity below, Ms. Rinehart alleges that Defendant engaged in unlawful discrimination and retaliation against her when Defendant discriminated against her based upon her gender, and for engaging in a protected activity.

## PARTIES

1. Plaintiff Tamara Rinehart, at all relevant times herein, was a citizen of the State of Colorado residing at 725 Macon Street, Aurora, Colorado 80010. All the events and transactions upon which this suit is based occurred in the State of Colorado.

2. Plaintiff is a member of a protected class of individuals as defined by C.R.S. § 24-34-402 and Sec. 2000e-2(a)(1). Specifically, Plaintiff's gender is female.

3. Defendant is an employer as defined by C.R.S. § 24-34-401(3) and Sec. 2000e(b) with a principal office located at 6692 Fig Street, Arvada, Colorado 80004.

## JURISDICTION

4. Jurisdiction is asserted pursuant to the Title VII, 42 U.S.C. § 2000e, et seq. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that this action, in part, arises under federal law. This Court has personal jurisdiction over Defendant because Defendant is a resident of Colorado and pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Colorado.

## ADMINISTRATIVE HISTORY

5. Ms. Rinehart has timely and properly exhausted her administrative remedies by filing and initial charge with the Equal Employment Opportunity Commission (EEOC) (Charge No. 32A-2022-00483) on or about April 4, 2022, based upon grounds of gender discrimination and retaliation. Ms. Rinehart dual fled her charge with eh Colorado Civil Rights Division (Charge No. E2200015513).

6. This lawsuit is timely filed within ninety (90) days after Plaintiff's receipt of a Notice of

Right to Sue from the EEOC dated March 23, 2023.

**FACTS**

7. Plaintiff incorporates by reference her prior allegations.

8. Ms. Rinehart began working for Easter-Owens a second time in or about August 2021 as a Welder.

9. Ms. Rinehart is female and, at all relevant times herein, was the only female welder.

10. At all times during her employment Ms. Rinehart performed her job satisfactorily, receiving positive reviews and a raise on or about February 11, 2022.

11. From the start of her employment, Ms. Rinehart's co-worker, Robert D. Williams ("Williams"), would make sexist comments that would make Ms. Rinehart uncomfortable.

12. On one occasion, in or around February 2022, Williams stated that only reason Ms. Rinehart had her job was because she was a female.

13. Williams would also make comments about Ms. Rinehart's body, stating that she had "thick thighs" as well as telling Ms. Rinehart that she shouldn't work in a shop but be a stripper.

14. Williams would also call and harass Ms. Rinehart at night (after work hours) repeatedly asking her to meet him at work. This would be at a time when only Ms. Rinehart and Williams would be present at work. One such call occurred on March 22, 2022.

15. Williams shared Ms. Rinehart's phone number to another co-worker, Terrance Washington ("Washington"), who would also call Ms. Rinehart early in the morning.

16. Williams and Washington would always make crude comments at work including on or about February 21, 2022, when Williams and Washington openly talked about sexual acts and their personal sex lives in front of Ms. Rinehart's welding booth.

17. Ms. Rinehart told Williams and Washington that she did not want to hear their crude

comments because they made her uncomfortable. Williams yelled back at Ms. Rinehart, “That's too bad. Maybe you shouldn't be in a shop with all men if you don't want to hear what we have to say.”

18. Ms. Rinehart reported all of Williams and Washington’s comments and actions to her Supervisor JD Simms (“Simms”) and to the Owner Pam Easter (“Easter”).

19. Simms and Easter met with Williams and Washington. Williams and Washington admitted to their behavior.

20. After the meeting, on or about March 10, 2022, Williams and Washington began threatening, intimidating, and retaliating against Ms. Rinehart. This included calling Ms. Rinehart a “bitch” and a “cunt.”

21. Upon information and belief, in or around March 2022, Williams and Washington took Ms. Rinehart’s tools and parts so she would not be able to finish her jobs.

22. Ms. Rinehart began to experience severe anxiety and daily tension in the workplace.

23. On or about March 10, 2022, Washington stared down Ms. Rinehart in a threatening manner. This was witnessed by Simms who commented to Ms. Rinehart, “he looked at you like he wanted to hurt or kill you!”

24. Ms. Rinehart informed Simms how fearful she had become at work due to Williams and Washington.

25. Simms reported this incident to Easter.

26. On or about March 14, 2022, Ms. Rinehart was told to meet with Easter in her office. Easter verbally accused Ms. Rinehart of being a liar and a troublemaker. Easter told Ms. Rinehart that she deserved the harassment she received from Williams and Washington.

27. On or about March 14, 2022, Easter terminated Ms. Rinehart’s employment.

**FIRST CAUSE OF ACTION**
**Discrimination in Violation of the Colorado Anti-Discrimination Act**
**(C.R.S. § 24-34-402(1)(a))**

28. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

29. Defendant is an employer as defined by C.R.S. § 24-34-401(3).

30. Plaintiff is a member of a protected class of individuals based on gender as defined by C.R.S. § 24-34-402(1)(a).

31. Plaintiff was an employee as defined by C.R.S. § 24-34-401(2) and at all times was qualified to perform the functions of her position.

32. Defendant willfully and intentionally subjected Plaintiff to discrimination by sexually harassing her.

33. Defendant also willfully and intentionally subjected Plaintiff to discrimination by discriminating against other employee's even after Plaintiff complained about the discrimination.

34. Defendant knew its actions violated CADA or was recklessly indifferent in that regard.

35. As a direct and proximate result of the foregoing actions and conduct of Defendant, Plaintiff has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Plaintiff also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Plaintiff claims damages for these losses and injuries under C.R.S. § 24-34-405.

**SECOND CAUSE OF ACTION**
**Hostile Work Environment – Harassment in Violation of the**
**Colorado Anti-Discrimination Act**
**(C.R.S. § 24-34-402(1)(a))**

36. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

37. Plaintiff was subjected to harassing treatment and a hostile work environment because of her gender and her opposition to discrimination.

38. The conduct and treatment Plaintiff experienced was unwelcome.

39. The treatment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created a hostile environment.

40. Plaintiff found the working environment to be hostile.

41. A reasonable person in Plaintiff's circumstances would find the environment in which Plaintiff worked to be hostile.

42. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Rinehart has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Rinehart also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Rinehart claims damages for these losses and injuries under C.R.S. § 24-34-405.

**THIRD CAUSE OF ACTION**
**Retaliation in Violation of the Colorado Anti-Discrimination Act**
**(C.R.S. § 24-34-402(1)(e)(IV))**

43. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

44. Plaintiff engaged in protected activities by reporting discrimination that she experienced in the workplace.

45. Defendant's conduct in subjecting Plaintiff to the adverse employment actions of being threatened with termination after she complained about the discrimination is in violation of C.R.S. § 24-34-402(1)(e)(IV).

46. Plaintiff further suffered an adverse employment action by being terminated after she

engaged in protected activity.

47. The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by CADA.

48. These statutory violations were intentional.

49. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Rinehart's statutorily protected rights.

50. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Rinehart has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Ms. Rinehart also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Rinehart claims damages for these losses and injuries under C.R.S. § 24-34-405.

**FOURTH CAUSE OF ACTION**
**Discrimination in Violation of Title VII**
**(42 U.S.C. § 2000e-2(a))**

51. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

52. Defendant is an employer as defined by Sec. 2000e(b).

53. Ms. Rinehart is a member of a protected class of individuals based on gender.

54. Ms. Rinehart was an employee as defined by Sec. 2000e(f) and at all times was qualified to perform the functions of her position.

55. Defendant willfully and intentionally subjected Ms. Rinehart to discrimination by touching her inappropriately, refusing to investigate her claims of discrimination and subjecting her to a hostile work environment because of her opposition to discrimination.

56. Defendant knew its actions violated Title VII or was recklessly indifferent in that regard.

57. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Rinehart has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Rinehart also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Rinehart claims damages for these losses and injuries under 42 U.S.C. §1981a.

**FIFTH CAUSE OF ACTION**
**Hostile Work Environment – Harassment in Violation of Title VII**
**(42 U.S.C. § 2000e-2(a))**

58. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

59. Ms. Rinehart was subjected to less favorable treatment because of her gender and her opposition to discrimination.

60. The conduct and treatment Ms. Rinehart experienced was unwelcome.

61. The treatment was sufficiently severe and pervasive to alter the conditions of Ms. Rinehart's employment and created an environment that was hostile.

62. Ms. Rinehart found the working environment to be hostile.

63. A reasonable person in Ms. Rinehart's circumstances would find the environment in which Ms. Rinehart worked to be hostile.

64. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Rinehart has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience, Ms. Rinehart also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Rinehart claims damages for these losses and injuries under 42 U.S.C. §1981a.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of Title VII**
**(42 U.S.C. § 2000e-3(a))**

65. Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

66. Ms. Rinehart engaged in protected activities by reporting the discrimination that she experienced and witnessed in the workplace.

67. Defendant's conduct in subjecting Ms. Rinehart to the adverse employment actions of termination after she complained of discrimination are in violation of Sec. 2000e-3(a).

68. The effect of these statutory violations was to deprive Ms. Rinehart of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

69. These statutory violations were intentional.

70. These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Ms. Rinehart's statutorily protected rights.

71. As a direct and proximate result of the foregoing actions and conduct of Defendant, Ms. Rinehart has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Ms. Rinehart also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Ms. Rinehart claims damages for these losses and injuries under 42 U.S.C. §1981a.

WHEREFORE, Tamara Rinehart respectfully requests that this Court enter judgment in her favor and against Defendant, and award her damages for back pay, front pay, benefits, pre-judgment interest, liquidated damages, costs, expert fees, attorney's fees, and such other and

further relief as this Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 30th day of May, 2023.

*/s/: Sara A. Green*
Sara A. Green
BACHUS & SCHANKER, LLC
950 17th Street, Suite 1050
Denver, CO 80202
303-893-9800
sara.green@coloradolaw.net